833 P.2d 1203

STATE of New Mexico, Plaintiff–Appellee,

v.

Adrina CORDOVA, Defendant–Appellant.

No. 13810.

Court of Appeals of New Mexico.

May 21, 1992.

Tom Udall, Atty. Gen., Santa Fe, for plaintiff-appellee.

Winston Roberts–Hohl, Santa Fe, for defendant-appellant.

OPINION

ALARID, Chief Judge.

Defendant appeals from her convictions for two counts of illegal possession of elk

and one count of illegal possession of bear, contrary to NMSA 1978, Section 17-2-10 (Repl.Pamp.1988). Defendant was convicted of these counts in magistrate court. Defendant then appealed to district court where a trial *de novo* was held. The district court entered an "Order of Remand" noting that defendant had been found guilty of two counts of illegal possession of elk and one count of illegal possession of bear at the trial *de novo*. The district court ordered that the case be remanded to magistrate court for imposition of sentence in magistrate court.

Defendant moved for a reconsideration after entry of this order, contending that the order was not a final judgment as contemplated by SCRA 1986, 6-703 (Repl.1990). The district court then filed amended findings of fact and conclusions of law, although they were substantially the same as the original findings and conclusions filed by the district court.

Rule 6-703 provides in pertinent part as follows:

> **K. Final order; remand to magistrate court.** Upon final disposition of the appeal, the district court shall issue a final order on appeal in substantially the form approved by the supreme court. If a timely appeal is not taken from the final order of the district court, the district court clerk shall remand the case to the magistrate court for enforcement of the district court's final order or such other disposition as may be ordered by the district court. If no appeal is taken the final order shall serve as the mandate.

We interpret this section as requiring that the district court impose a sentence prior to remanding a case to magistrate court for enforcement of the district court's final order.

Accordingly, summary dismissal was proposed in this court's calendar notice on the ground that the "Order of Remand" filed in this case was not a final order as contemplated by Rule 6-703. No memorandum opposing summary dismissal has been filed and the time for doing so has expired. The calendar notice indicated that if defendant filed a copy of a final order with this court within the time period allowed for filing a memorandum in opposition, this court would then proceed to calendar this case on its merits.

On April 17, 1992, defendant filed with this court a copy of the original notice of appeal and the "Order of Remand" filed below in January 1992. However, because the district court did not impose any sentence prior to ordering that the case be remanded to the magistrate court, and for the reasons stated in the calendar notice, we hold that the "Order of Remand" is not a final appealable order. Therefore, we dismiss this appeal.

IT IS SO ORDERED.

DONNELLY and BIVINS, JJ., concur.